Ari H. Marcus, Esq.
Licensed to Practice in NJ & NY
Ari@MarcusZelman.com

Yitzchak Zelman, Esq.
Licensed to Practice in NJ & NY
Yzelman@MarcusZelman.com

# MARCUS ZELMAN, LLC
ATTORNEY & COUNSELLOR AT LAW
Tel: (732) 695-3282
Fax: (732) 298-6256
www.MarcusZelman.com

NEW JERSEY OFFICE:
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712

NEW YORK OFFICE:
4 Ridgeway Terrace
Spring Valley, New York 10977

*All Correspondences to NJ Office*

April 21, 2023

Honorable U.S. Magistrate Judge Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street,
New York, NY 10007
***Via ECF***

        Re:       Loadholt v. Oriental-Decor.com Inc.
        Civil Action: 1:22-cv-08205-JMF-RWL

To the Honorable U.S. Magistrate Judge Lehrburger,

      The undersigned represents Christopher Loadholt, the Plaintiff in this action brought pursuant to the Americans with Disabilities Act (the "ADA"). This Letter is respectfully submitted pursuant to this Court's Individual Rules, so that the Plaintiff may file a Motion to Compel Defendant's discovery responses.

      A Scheduling Order was entered by this Court on November 21, 2022. On that date, the undersigned served Plaintiff's First Set of Interrogatories and Requests for on Defendant's counsel. *See,* Exhibit A. However, in a pattern that appears to be common across all of the undersigned's cases with this specific counsel, there has never been a single response served to these discovery requests. Not a single objection was made. Not a single page of discovery was produced. Not a single Interrogatory was answered. Nothing. Not in this case. And not in any other of the many ongoing cases that are pending with this particular defense firm.

      On March 3, 2023, the undersigned called Mr. David Stein, the Defendant's counsel, to meet and confer regarding the missing discovery in this case. At Mr. Stein's request, I then followed up by email that same day. *See,* Exhibit B. To date, I have not heard back from Defendant's counsel at all. While the undersigned has attempted to be patient in awaiting these responses, the close of fact discovery is now upon us, and still not a shred of discovery has been produced in this action. Accordingly, the undersigned has no choice but to raise this issue with the Court at this time.

      There is no excuse for the Defendant's flagrant disregard for its discovery obligations. It is therefore respectfully submitted that Defendant should be compelled to provide complete and fulsome responses to the Plaintiff's discovery requests, and that its failure to timely object to any of these requests constitutes a waiver of any such (as yet unknown) objections, since "the failure to provide discovery responses in a timely fashion is a basis for deeming objections waived." *Carr v. Queens-Long Island Med. Grp., P.C.*, No. 02CIV.1676NRBJCF, 2003 WL 169793, at *5 (S.D.N.Y. Jan. 24, 2003), citing *Dew v. 39th Street Realty*, 2001 WL 388053, at *1 (S.D.N.Y. April 16, 2001); *Burda Media, Inc. v. Blumenberg*, 1999 WL 413469, at *5 (S.D.N.Y. June 21, 1999); *Smith v. Conway Organization, Inc.*, 154 F.R.D. 73, 76 (S.D.N.Y.1994).

Pursuant to Local Rule 37.2, and this Court's Individual Rules, it is requested that the Plaintiff be permitted to submit a formal Rule 37 Motion to Compel Defendant's discovery responses. Plaintiff has done absolutely everything in his power to obtain responses to its demands, to no avail. It is respectfully submitted that formal motion practice is the only method to obtaining Defendant's compliance with its discovery obligations. Plaintiff further intends to seek an award of attorney's fees and costs in that application, in light of the repeated efforts the undersigned expended to obtain this discovery from the Defendant in this action.

                                                                                             /s/ Yitzchak Zelman
                                                                                             Yitzchak Zelman, Esq.