4/21/23, 10:30 AM                    Marcus Zelman, LLC Mail - Plaintiff's Initial Disclosures and Discovery Demands to Oriental-Decor.com Inc. - Christopher Loadholt

Case 1:22-cv-08205-AS-RWL   Document 20-1   Filed 04/21/23   Page 1 of 20

 Yitzchak Zelman <yzelman@marcuszelman.com>

# Plaintiff's Initial Disclosures and Discovery Demands to Oriental-Decor.com Inc. - Christopher Loadholt
1 message

**Lori Clifton** <lori@marcuszelman.com>                    Mon, Nov 21, 2022 at 3:58 PM
To: David Stein <dstein@steinllp.com>, "David M. Nieporent" <dnieporent@steinllp.com>, Yitzchak Zelman <yzelman@marcuszelman.com>, duvids33@gmail.com

Counsel - attached please find Plaintiff Christopher Loadholt's Initial Disclosures and Discovery Demands directed to Defendant Oriental-Decor.com Inc. Please advise if you would also like a hard copy. Thank you.

## Lori Lynn Clifton

O: (732) 695-3282
F: (732) 298-6256

E: lori@marcuszelman.com
W: www.marcuszelman.com

701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712

CONFIDENTIALITY NOTICE: This communication (including any related attachments) may contain confidential and/or privileged material. Any unauthorized disclosure or use is prohibited. If you received this communication in error, please contact the sender immediately,and permanently delete the communication (including any related attachments) and permanently destroy any copies.

IRS CIRCULAR 230 NOTICE: To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed by law.

**3 attachments**

- **Initial Disclosures - Loadholt v Oriental-Decor.com.pdf**
  188K

- **First Set of Roggs - Loadholt v Oriental-Decor.com Inc..pdf**
  172K

- **FRfP - Loadholt v Oriental-Decor.com Inc..pdf**
  166K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CHRISTOPHER LOADHOLT, on behalf of himself and all others similarly situated,

        Plaintiff,

v.

ORIENTAL-DECOR.COM, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No.: 1:22-cv-08205-JMF-RWL

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant ORIENTAL-DECOR.COM, INC. ("Defendant") is required to respond to the following Requests for Production (the "Requests") within thirty (30) days after service of the same. Defendant's responses to these Requests are to be directed to undersigned counsel at the offices of Marcus & Zelman, LLC, 701 Cookman Avenue, Suite 300, Asbury Park, New Jersey 07712.

## **DEFINITIONS**

The following definitions shall apply to these Requests:

    1.    "Plaintiff" refers to Plaintiff CHRISTOPHER LOADHOLT.

    2.    "Defendant," "You," and/or "Your" means ORIENTAL-DECOR.COM, INC. as well as its agents, employees, attorneys, investigators, and any other individual or entity associated or affiliated with it or purporting to act on its behalf.

    3.    "Class Period" refers to the period within the applicable Statue of Limitations to the Present.

4. "Communication(s)" means transmitted or conveyed information. Communications may include, without limitation, recorded messages, electronic mail, correspondence, memorandums, or other documents containing the transmittal of exchange or information.

5. "Data" refers to information stored in a database.

6. "Document(s)" is synonymous in meaning and equal in scope to the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7. "ADA" means Americans with Disabilities Act, 42 U.S.C. §12181, et seq.

8. "Person(s)" means a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

9. "Present" is intended to be an ongoing term. To the extent additional documents become available after the date on which these Requests are served, Requests referring to the "present" cover those documents.

10. "Relate(d) to" and/or "relating to" means having any connection with the topic of the request or having some logical or causal connection between the information and the topic of the request.

11. "State" means to declare, articulate, resolve, identify, and/or describe.

12. "Statement" shall have the same definition as set forth in Rule 26 of the Federal Rules of Civil Procedure, and includes, but is not limited to, a written statement or signed or otherwise adopted or approved by the person making it, and/or a stenographic, mechanical, electrical and/or other recording or transcription thereof, which is substantially a verbatim recital of an oral statement by the person making it.

13. "WCAG2.0" refers to the Web Content Accessibility Guidelines published by the Web Accessibility Initiative of the World Wide Web Consortium.

14. "Website" refers to the website www.oriental-decor.com.

15. "Action" refers to the above-captioned lawsuit entitled *CHRISTOPHER LOADHOLT, on behalf of himself and all others similarly situated, v. ORIENTAL-DECOR.COM, INC.,* Case Number 1:22-cv-08205-JMF-RWL.

## INSTRUCTIONS

1. These Requests seek all specified Documents in the actual or constructive possession, custody, and/or control of the Defendant, Defendant's attorney(s) and/or agent(s), or which are believed by Defendant's attorney(s) and/or exists or to have previously existed.

2. These Requests are expressly made continuing, requiring additional and supplemental responses when additional material responsive to any of these Requests come into possession, custody or control of Defendant, Defendant's attorney(s) and/or agents until the instant Action is terminated.

3. Should Defendant object to any Request, Defendant is requested to specifically, and in detail, state the grounds and reasons for this objection, and to state, in detail, the part of language of the Request to which Defendant objects, and state which part of the Request if any, Defendant is answering.

4. Objection will be made at trial to the introduction of evidence requested by these Requests but not provided.

5. If the Communication, Document or thing requested herein has been destroyed or discarded or otherwise disposed of, Defendant shall set forth in the written response a description of each such Communication, Document or thing, including its contents, author and addressee,

date of disposal, manner of disposal, reason for disposal, and the Person that disposed of the Document or thing.

6.    Defendant may attach a copy of material responsive to a Request to the written responses, but the original, if it is in Defendant's possession, custody or control (or that of Defendant's attorney(s) and/or agent(s)) must be made available for inspection.

7.    In the event that any Communication, Document or thing responsive to a Request herein has been changed, edited, revised, updated or modified in any way throughout the applicable Class Period, Defendant is requested to provide copies of each version of said Communication, Document or thing.

8.    <u>Requested Format for Production of Electronically Stored Information</u>. Unless otherwise specified in a particular request, electronically stored information should be produced as follows:

a.    <u>Production Media</u>.  Please produce Communications and/or Documents responsive to all Requests herein via a secure file transfer mechanism and/or on readily accessible, computer or electronic media as the parties may hereafter agree upon, including CD-ROM, DVD or external hard drive (with standard PC compatible interface) (the "Production Media").  Each piece of Production Media should be assigned a production number or other unique identifying label corresponding to the date of the production on the Production Media (e.g. "Defendant Production March 1, 2020"), as well as the sequence of the material in the production (e.g. "-001", "-002"). For example, if the production is comprised of images on three DVDs, You should label each DVD in the following manner "Defendant Production March 1, 2020-001," "Defendant Production March 1, 2020-002", "Defendant Production March 1, 2020-003."  Additional information that shall be identified on the physical Production Media includes: (1) text referencing

that it was produced in this case; i.e., the case name and case number; and (2) the Bates number range of the materials contained on the Production Media. If any of the material on the media is confidential, the Production Media shall be also labeled as such. Additionally, any replacement Production Media shall cross-reference the original Production Media with clear indication that it is a replacement, as well as a cross-reference to the Bates number range that is being replaced.

   b. <u>Write Protection and Preservation</u>. All computer media that is capable of write protection should be protected before production.

   c. <u>Metadata and Load Files</u>. Communications, Documents or things responsive to the Requests herein shall be produced in the format as set forth on Exhibit A hereto, with accompanying information and metadata to be produced as further set forth in Exhibit A hereto. Each Document produced in .tiff format should have an accompanying load file. All Communications, Documents or things, including those produced in native format, should be accompanied by a file produced in .DAT format which contains the information requested on Exhibit A.

   d. <u>Redactions</u>. Redactions should only be employed where it is necessary to preserve a privilege, or as otherwise agreed by the parties. Communications, Documents or things responsive to the Requests herein shall not be redacted to protect confidential information or to prevent the production of irrelevant material which cannot be separated from relevant material. Redacted Communications, Documents or things shall be produced as .tiff images and accompanied by a load file and accompanying information as a .dll file as set forth on Exhibit A.

   e. <u>De-duplication</u>. Defendant shall not "de-duplicate" any Communications, Documents or things prior to production.

  f.  <u>Native Documents</u>. For Communications, Documents or things produced in native format, please include a Control Number and a MD5 hash.

  9.  <u>Organizations and Labeling of Documents</u>.  Defendant is requested to organize and label Communications, Documents or things to correspond to categories in the below Requests, as provided in Federal Rule of Civil Procedures 34(b)(2)E(i), including Communications, Documents or things produced in native format.

  10.  <u>Privilege Log</u>.  For all responsive Communications, Documents or things which Defendant contends are privileged, please provide a privilege log identifying the privilege Defendant is asserting and containing sufficient information to enable Plaintiff to evaluate the claim of privilege. All Communications, Documents or things which Defendant contends are subject to attorney-client privilege should include: the type of Communication, Document or thing; the date thereof; the name or names of the originator/author thereof; the name of the addressee(s)/recipient(s); the number of pages or other units therein; the present custodian and location of the Communication, Document or thing; and a statement regarding the specific grounds on which the claim of privilege rests in order that Plaintiffs may have a factual basis to determine whether the asserted privilege applies.  For all individuals identified as custodians, originators/authors and/or addressees/recipients, please state their role, and whether they are an attorney.

<b><u>REQUEST FOR PRODUCTION</u></b>

**<u>REQUEST NO. 1</u>**  All versions of the Website compiled by You since September 26, 2020.

**<u>REQUEST NO. 2</u>**  All Communications between You and any Persons Related to the Website accessibility.

**REQUEST NO. 3**     All Documents concerning Defendant's policies and procedures to make the Website equally accessible to the visually impaired.

**REQUEST NO. 4**     All Documents showing who owns or operates the Website's domain.

**REQUEST NO. 5**     All Communications to or from the Defendant's employees or agents regarding modifying the Website to be equally accessible to the visually impaired.

**REQUEST NO. 6**     All Documents regarding any complaints from any Person regarding the Website's accessibility to the visually impaired and any responses thereto.

**REQUEST NO. 7**     All Documents concerning the checking, testing or confirming data whether the Website is equally accessible to the visually impaired, including whether the Website is compatible with screen reading software and complies with WCAG 2.0 and/or WCAG 2.1.

**REQUEST NO. 8**     All Documents, including contracts or agreements, between You and any third parties concerning making, modifying, altering or testing the Website to equally be accessible to the visually impaired.

**REQUEST NO. 9**     All web pages or other Documents stating that the Website complies with or is intended to comply with WCAG2.0 and/or WCAG 2.1 and is otherwise equally accessible to the visually impaired.

**REQUEST NO. 10**    All training or resource materials You have used regarding WCAG 2.0 and/or WCAG 2.1.

**REQUEST NO. 11**    Documents showing the expenses that You have incurred in creating, constructing, operating, updating, maintaining, and/or managing the Website.

**REQUEST NO 12**.    A mirror image of the Website You created upon learning of the Complaint in this Action.

-8-

**REQUEST NO. 13**   Documents showing any research You performed to determine Your obligations to make the Website equally accessible to the visually impaired.  This Request excludes any attorney-client privileged Communication.

**REQUEST NO. 14**   Documents confirming when the Website became compatible with screen reading software.

**REQUEST N0. 15**   All materials You used or had used to train Your employees or agents on the Website's accessibility compliance with WCAG 2.0 and/or WCAG 2.1.

**REQUEST NO. 16**   Any estimates or proposals You have received on modifying the Website to be equally accessible to the visually impaired.

**REQUEST NO. 17**   All Documents that set forth or evidence any methods by which You track or monitor who viewed Your Website during the Class Period and/or when or how Persons interact with the Website while visiting Your Website during the Class Period.

**REQUEST NO. 18**   All Documents concerning any Complaints or lawsuits against You for violation of the ADA.

Dated: November 21, 2022

                                               MARCUS & ZELMAN, LLC

                                               By: */s/ Yitzchak Zelman*
                                               Yitzchak Zelman, Esq.
                                               YZelman@MarcusZelman.com
                                               701 Cookman Avenue, Suite 300
                                               Asbury Park, New Jersey 07712
                                               Tel: (732) 695-3282
                                               Fax: (732) 298-6256

                                               ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CHRISTOPHER LOADHOLT, on behalf of himself and all others similarly situated,

    Plaintiff,

  v.

ORIENTAL-DECOR.COM, INC.,

    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No.: 1:22-cv-08205-JMF-RWL

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

  PLEASE TAKE NOTICE THAT that Plaintiff CHRISTOPHER LOADHOLT, on behalf of himself and all others similarly situated ("Plaintiff"), hereby requests answers under oath from Defendant ORIENTAL-DECOR.COM, INC. ("Defendant") to the following interrogatories (the "Interrogatories") within thirty (30) days and in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure. Defendant's responses to these Interrogatories are to be directed to undersigned counsel at the offices of MARCUS & ZELMAN, LLC, 701 Cookman Avenue, Suite 300, Asbury Park, New Jersey 07712.

## DEFINITIONS AND INSTRUCTIONS

The following definitions shall apply to these Interrogatories:

  1. "Defendant," "You," and/or Your" shall mean ORIENTAL-DECOR.COM, INC. as well as its agents, employees, attorneys, investigators, and any other individual or entity associated or affiliated with it or purporting to act on its behalf.

  2. "Complaint" shall mean the Class Action Complaint filed in the above-styled lawsuit.

  3. "Website" shall mean the website www.oriental-decor.com.
.

4. The terms "writing" and "writings", "document" and "documents" and "tangible thing" and "tangible things" shall mean, without limitation, all writings and recordings, including the originals and all non-identical copies, whether, different from the original by reason of any notation made on such copies or otherwise including, but without limitation to, email and attachments, text messages, electronically stored information (as defined, infra) memoranda, notes, diaries, minutes, statistics, letters, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, telefax, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or aural representations, of any kind including without limitation, photographs, charts, plans, drawings, surveys, and electronic, mechanical, magnetic optical or electric records or representations of any kind (including without limitation, computer files, including metadata), any electronically stored data or magnetic or optical storage media as an "active" file or files (readily readable by one more computer applications or forensic software), any " deleted" but recoverable electronic files on said media, any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all previously stored data). Every copy of a document hereinafter requested which differs from the original in any respect as to the information it bears or reflects shall be produced as a separate document.

5. For the purposes of the following the Interrogatories, the following types of information are included in the definitions of "electronically stored information":

(i) **Application Software:** A set of electronic instructions, also known as a program, which instructs a computer to perform a specific set of processes;

(ii) **Archive:** A copy of data on a computer drive, or on a portion of a drive, maintained for historical reference;

(iii) **Backup:** A copy of active data, intended for use in the restoration of data;

(iv) **Computer:** Includes but is not limited to network servers, desktops, laptops, notebook, computers, employees' home computers, mainframes, the PDA's of Defendant (personal digital assistant, such as Palm Pilot, iPod, iPad, Blackberry, iPhone, Cassiopeia, HP, Jornada, and other such handheld computing devices), and cell phones with web access and storage capability;

(v) **Data:** Any and all information stored on Media that may be accessed by a computer;

(vi) **Digital Camera:** A camera that stores still or moving pictures in a digital format (TIFF, GIF, etc.);

(vii) **Hard Drive:** The primary hardware that a computer uses to store information, typically magnetized media on rotating disks;

(viii) **Help Features/Documentation:** Instructions that assists a user on how to set up and use a product including but not limited to software, manuals, and instruction files;

(ix) **Imaged Copy:** A "mirror image" bit-by-bit copy of a hard drive (i.e., a complete replication of the physical drive);

 (x)  **Input Device:** Any object that allows a user to communicate with a computer by entering information or issuing commands (i.e., keyboard, mouse, or joystick);

 (xi)  **Magnetic or Optical Storage Media:** Includes but not limited to hard drives (also known as "hard disks"), backup tapes, CD-ROMs, DVD-ROMs, JAZ and Zip drives:

 (xii) **Network:** A group of connected computers that allow people to share information and equipment (e.g., local area network [LAN], wide area network [WAN], metropolitan area network [MAN], storage area network [SAN], peer-to-peer network, client-server network);

 (xiii) **Operating Systems:** Software that directs the overall activity of networked computers;

 (xiv) **Network Operating Systems:** Software that directs the overall activity of networked computers;

 (xv) **Software:** Any set of instructions stored on computer-readable media that tells a computer what to do (including operating systems and applications);

 (xvi) **Storage Devices:** Any device that a computer uses to store information; and

 (xvii) **Storage Media:** Any removable devices that store data.

6. As used herein, the term "date" shall mean the exact date, month and year (designated as your best approximation).

7. The singular of any word used herein shall be deemed to include the plural of such word and the plural shall include the singular. The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine. The word "and" shall be deemed to include the "or' and the word "or" shall be deemed to include the word "and". Each of

-4-

the functional words "each", "every", "any," and "all" shall be deemed to include each of the other functional words.

8. The word "person" shall mean any individual, firm, partnership, corporation, association, business or governmental entity or subdivision, agency, department, and any "person" acting by or through, directly or indirectly, any other "person," as well as any "person" by whom which such "person" was controlled with respect to the matter in question.

9. The word "employee" shall mean present and former employees, agents, servants, independent contractors, sub-agents, and any other "person" acting on Your behalf or authorized by You to act on Your behalf or acting by or under Your direction or control.

10. The terms "identify" or "identification" or "identity" with respect to a writing or document shall mean to provide a brief description of the writing or document sufficient to support a request for production, including to the degree possible (i) the general nature of the subject or the subject matter; (ii) the date; (iii) the identification of the author and recipient; (iv) the identification of the parties to any agreement embodied therein; and (v) the present custody of the original and all copies of the writing or document, including identification of the person having custody of it.

11. The terms "identify" or "identification" or "identity" with respect to a person (including both natural and juristic persons) shall mean a statement of the person's fill name, home address, present business address, employer and occupation and job title, both presently and at the time of the occurrence or writing involved.

12. The term "describe" with respect to any oral agreement, statement or communication shall mean to provide a brief description of the oral agreement, statement or communication, including to the degree possible: (i) its general nature and content; (ii) the date it

was made; (iii) identification of all persons present at the time it was made; (iv) the place where it was made; and (v) identification of the person (s) making the oral agreement, statement or communication.

13. A communication, document, or writing "relating" "related", or "which relates" to any given subject shall mean any communication, document or writing that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, or is an any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

14. For each Interrogatory or part thereof that You refuse to answer on the grounds of burdensomeness, the response to such Interrogatory or part thereof should state: (i) the number of files and/or documents needed to be searched; (ii) the location of each such file and/or document; (iii) the number of hours required to conduct the search; (iv) the estimated cost of the search in dollars.

15. For each Interrogatory or part thereof that You refuse to answer under a claim of privilege, provide a statement of the specific basis on which privilege is claimed. Additionally, if there are any documents related to such Interrogatory or part thereof, state the title and nature of any such document and furnish a list signed by the attorney of record giving the following information with respect to each such document:

    (i) the name and title of the author and/or sender and the name and title of the recipient;

    (ii) the date of the document's origination;

    iii) the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

    (iv) the name and position, if any, of each person to whom the contents of the

documents have been communicated by copy, exhibition, reading or substantial summarization.

(v) a statement of the specific basis on which privilege is claimed and whether or not the subject matter of the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

(vi) the identity and position held, if any, of the person or persons supplying the attorney signing the list with the information requested in subparagraphs above.

16. The Interrogatories should be answered with reference to all information in Your possession and all information which You may obtain by the exercise of due diligence. If, for any reason, you are unable to answer any Interrogatory in full, such inability and the reasons therefore should be clearly stated.

17. If You perceive any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous, and the construction used in answering.

18. These Interrogatories shall be deemed to be containing in nature to the full extent required and/or permitted by Federal Rules of Civil Procedure so as to require supplementary responses should the Defendant obtain or discover additional information (i) which is responsive to any Interrogatory directly addressed to the identity of persons having knowledge of discoverable matters; or (ii) on the basis of which Defendant knows that the response was incorrect when made, or that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

19. If, in response to any Interrogatory, you refuse to disclose any information or the identity of any person, document, or oral communication because of claim of confidentiality or

privilege, set forth in detail the facts and circumstances upon which you rely to support such claims.

## **INTERROGATORIES**

1. Identify (as defined above) all persons who are believed by you to have any knowledge concerning any of the issues in this lawsuit and specify in detail all areas of the subject matter about which such person has knowledge and the means by which such person's knowledge was acquired. Include in your answer all persons who gained their knowledge second hand, as well as those with direct knowledge. Do not withhold any name(s) or information because you think of it as "insignificant" or "minor" or less important. If you believe a person has any knowledge of any of the issues of this lawsuit, please identify (as defined above) that person.

2. Have you heard, or do you know about any statement or remark made by or on behalf of any party to this lawsuit, concerning any issues or fact in this lawsuit? If so, identify (as defined above) each such person who made the statement(s), and identify (as defined above) each person who heard it, and the date, time, place, and detailed substance of each statement.

3. Please provide the name, address and telephone number of all person from whom you, or your representative, have taken statements regarding any of the issues in this case, whether oral or written, and identify the statement dates, form, subject matter, present location, present custodian and who took the statement.

4. Identify any notes, emails, text messages, tweets, diaries, audio or video recordings, logs, or other records of any events, or conversations that relate to any allegation of your Answer, identify the record(s) or document(s), its length, present location, present custodian, description of the subject covered, and date(s) when entries were made in these records or documents.

5. Identify who has modified the Website to be equally accessible to the visually impaired.

6. Identify who is responsible for modifying the Website to be equally accessible to the visually impaired.

7. Identify who participated in, contributed to and/or is responsible for operating, creating, constructing, updating, maintaining, and managing the Website's content.

8. Identify who owns the Website's domain.

9. Identify all third parties Defendant has contacted about modifying the Website to be equally accessible to the visually impaired, including when Defendant initially made contact with such third parties.

10. Identify all third parties with whom Defendant has contracted to modify the Website to be equally accessible to the visually impaired.

11. Identify who is responsible for receiving emails or phone calls from the Website's users regarding the Website's accessibility to the visually impaired.

12. Identify who is responsible for ensuring the Website comply with the Americans with Disabilities Act.

13. Identify who is responsible for ensuring Defendant's physical locations comply with the Americans with Disabilities Act.

14. Identify each person whom Defendant believes has knowledge on allegations and denials asserted in the Answer filed in this action.

15. Identify each person from whom any written statements, declarations, or affidavits have been taken concerning the subject matter of this action, including but not limited to, the

allegations and claims in the Complaint and any defenses (affirmative or otherwise) asserted in the Answer.

16. Identify all persons who participated in or supplied information used in responding to these Interrogatories and Plaintiffs' First Request for Production of Documents to Defendant that are being served/have been served upon Defendant concurrently with these Interrogatories.

17. Identify any lawsuits, charges or grievances that assert Defendant is violating Title III of the Americans with Disabilities Act, or equivalent state or local law, by failing to make a Website or brick and mortar location equally accessible to the disabled. This includes the index number of any court in which the lawsuit was filed.

Dated:   November 21, 2022

MARCUS & ZELMAN, LLC

By: */s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.
YZelman@MarcusZelman.com
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Tel: (732) 695-3282
Fax: (732) 298-6256

*ATTORNEYS FOR PLAINTIFF*